

# NUMBER 13-23-00560-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**RAYMOND CASILLAS,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

## ON APPEAL FROM THE 175TH DISTRICT COURT
## OF BEXAR COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Memorandum Opinion by Chief Justice Tijerina**

Appellant Raymond Casillas was convicted of continuous sexual abuse of a child and indecency with a child by contact and sentenced to concurrent terms of thirty-five years' confinement for continuous sexual abuse of a child and twenty years' confinement for indecency with a child. *See* TEX. PENAL CODE ANN. §§ 21.02, 21.11. By three issues, appellant contends the evidence is insufficient to support the conviction of continuous

sexual abuse of a child, the indecency with a child by contact conviction violated § 21.02(e) of the penal code, and the written judgment conflicts with the trial court's oral pronouncement. We affirm as modified.[1]

## I. SUFFICIENCY OF THE EVIDENCE

By his first issue, appellant contends that the evidence is insufficient to support a finding that he sexually abused a child two or more times over a period of at least thirty days or more.

## A. Standard of Review and Applicable Law

In a sufficiency review, we consider all the evidence in the light most favorable to the verdict and determine whether any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt based on the evidence and reasonable inferences from that evidence. *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014); *Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.). Sufficient evidence exists if "the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). The fact finder is the exclusive judge of the facts, the credibility of witnesses, and the weight to be given to their testimony. *Brooks*, 323 S.W.3d at 899.

We measure the sufficiency of the evidence in reference to the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d

---

[1] This appeal was transferred to this Court from the Fourth Court of Appeals pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

321, 327 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). "Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal*, 286 S.W.3d at 327 (quoting *Malik*, 953 S.W.2d at 240). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements "as modified by the [indictment]." *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000).

A person commits the offense of continuous sexual abuse of a child if "during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse" and "the actor is 17 years of age or older and the victim is a child younger than 14 years of age." TEX. PENAL CODE ANN. § 21.02(b)(2); *Martin v. State*, 335 S.W.3d 867, 872 (Tex. App.—Austin 2011, pet. ref'd). There must be "at least 28 days between the day of the first act of sexual abuse and the day of the last act of sexual abuse." *Smith v. State*, 340 S.W.3d 41, 48 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Section 21.02 lists predicate offenses which constitute "act[s] of sexual abuse" to include the offenses of indecency with a child, TEX. PENAL CODE ANN. § 21.11(a)(1), and aggravated sexual assault, *id.* § 22.021.

**B.    Discussion**

Appellant argues the evidence is insufficient to establish that two or more acts of sexual abuse occurred during a period of thirty days or more.

At trial, N.G., who was seventeen years old at the time of trial, testified that when

she was about seven or eight years old, appellant took her to his bedroom, pulled her underwear and pants down, asked her to lie down, and touched her vagina with his finger and tongue. According to N.G., a second incident occurred in the kitchen of her home "around" the time the bedroom incident occurred. N.G. testified that appellant asked her to follow him to the kitchen, and told her to grab a "lollipop," which was actually appellant's penis. N.G. stated that she touched appellant's penis, and he asked her to "lick it," which she did twice. N.G. did not specify the exact dates of the two incidents but agreed that they occurred when she was in second grade. However, San Antonio Police Department Detective Rene Ramirez, testified that after watching N.G.'s forensic interview, he learned that the incident in the kitchen occurred a few years after the bedroom incident.[2] The State asked, "[S]o that's greater than 30 days?" Detective Ramirez replied, "Yes, ma'am."

Considering all the evidence in the light most favorable to the verdict, we conclude that a rational fact finder could have found that "during a period that is 30 or more days in duration, [appellant] commit[ed] two or more acts of sexual abuse" beyond a reasonable doubt based on the evidence and reasonable inferences from that evidence. *See Whatley*, 445 S.W.3d at 166; *Brooks*, 323 S.W.3d at 898–99. We overrule appellant's first issue.

## II.   TEXAS PENAL CODE § 21.02(E)

By his second issue, appellant contends that the indecency with a child by contact conviction violates § 21.02(e) of the Texas Penal Code because that crime was not

---

[2] N.G. also testified that an incident occurred when she was either twelve or eleven in a car wherein appellant touched her breast over her clothes, which went to the indecency with child by contact charge. *See* TEX. PENAL CODE ANN. § 21.11(c).

charged in the alternative, did not occur outside the period in which the continuous sexual abuse of a child offense was committed, and is a lesser included offense of the continuous sexual abuse of a child offense. *See* TEX. PENAL CODE ANN. § 21.02(e). The State responds that indecency with a child by contact, by means of touching of the breast, is not considered an "act of sexual abuse" for purposes of § 21.02. *See id.*

To commit the offense of continuous sexual abuse of a young child, the person must commit two or more acts of sexual abuse. *Id.* § 21.02 (b)(1), (2)(A). Subsection (c) enumerates various predicate offenses which may serve as an "act of sexual abuse." *Id.* § 21.02(c). Dual convictions for continuous sexual abuse and a predicate offense are generally prohibited if occurring within the same timeframe. *Id.* § 21.02(e). Section 21.02 states that indecency with a child is an "act of sexual abuse . . . if the actor committed the offense in a manner *other than* by touching, including touching through the clothing, the breast of a child." *Id.* § 21.02(c)(2) (emphasis added). Thus, the continuous sexual abuse statute specifically excludes indecency with a child by touching the child's breast as a predicate offense. *See id.*; *see also Trevino v. State*, No. 13-23-00321-CR, 2024 WL 3370673, at *1 (Tex. App.—Corpus Christi–Edinburg July 11, 2024, no pet.) (mem. op., not designated for publication) ("Therefore, the State is entitled to prosecute the offense of indecency with a child committed by touching the breast of a child separately and independently from a continuous-sexual-abuse-of-a-child charge.").

In a two-count indictment, appellant was charged with continuous sexual abuse of a child, and indecency with a child by touching N.G.'s breast. Therefore, because this type of indecency with a child offense is not a predicate offense allowed to be used to

charge the offense of continuous sexual abuse of a child, the State was entitled to prosecute this non-predicate offense separately and independently from the continuous sexual abuse of a child offense. *See* TEX. PENAL CODE ANN. § 21.02(c)(2); *Carbajal v. State*, 659 S.W.3d 164, 185 (Tex. App.—El Paso 2022, pet. ref'd); *see also Trevino*, 2024 WL 3370673, at *1; *Braggs v. State*, No. 02-23-00166-CR, 2024 WL 1451984, at *4 (Tex. App.—Fort Worth Apr. 4, 2024, pet. ref'd) (mem. op., not designated for publication) (reiterating that the continuous sexual abuse statute excludes breast-touching from the list of qualifying predicate acts of sexual abuse); *Marshall v. State*, No. 06-23-00158-CR, 2024 WL 3381312, at *2 (Tex. App.—Texarkana July 12, 2024, pet. ref'd) (mem. op., not designated for publication) ("Touching the breast of a child is not a predicate offense for continuous sexual abuse of a young child."). We overrule appellant's second issue.

## III.     ERROR IN THE JUDGMENT

By his third issue, appellant contends that "[t]here is a conflict between the oral pronouncement of sentence in open court and the written judgment in count two found in the record in that the judgment in count two reflects a 35-year sentence but the trial court pronounced a 20-year sentence." The State concedes error.

The trial court's judgment reflects that appellant received a sentence of thirty-five years for the indecency with a child by contact offense. However, the trial court orally pronounced a sentence of twenty years for that offense. "A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement." *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). "The solution in those cases in which the oral

6

pronouncement and the written judgment conflict is to reform the written judgment to conform to the sentence that was orally pronounced." *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); *see also Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (acknowledging that we have the power to modify a judgment to speak the truth when we are presented with the necessary information to do so). Accordingly, we sustain appellant's third issue and modify the judgment to reflect that appellant's sentence for the indecency with a child by contact offense is twenty years. *See Thompson*, 108 S.W.3d at 290; *see also Bigley*, 865 S.W.2d at 27–28.

## IV.  CONCLUSION

We affirm the trial court's judgment as modified. *See* TEX. R. APP. P. 43.2(b).

> JAIME TIJERINA
> Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
30th day of January, 2025.

7